# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THERESA RENEE GARCIA,

    Plaintiff,

v.                                                                                             Civ. No. 16-789 GBW

NANCY A. BERRYHILL,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

## ORDER DENYING REMAND

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency ("SSA") decision to deny Plaintiff disability insurance benefits. *Doc. 24.* For the reasons discussed below, Plaintiff's Motion is DENIED, and this action is DISMISSED with prejudice.

### I. PROCEDURAL HISTORY

Plaintiff filed an initial application for disability insurance benefits (DIB) on April 15, 2013. Administrative Record ("AR") at 161-65. Plaintiff alleged that she had a disability resulting from post-traumatic stress disorder, anxiety, depression, migraines, and knee problems. AR at 211-12. An Administrative Law Judge (ALJ) held a hearing regarding Plaintiff's disability claim on December 1, 2015. AR at 30-54.

1

On January 15, 2016, the ALJ issued an unfavorable decision, concluding that Plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled. AR at 9-25. Plaintiff appealed the denial of her application to the Appeals Council, which declined review on May 3, 2016. AR at 1-4. Plaintiff filed suit in this Court on July 7, 2016, seeking review of the ALJ's decision. *Doc. 1*.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does

2

not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## III. PARTIES' POSITIONS

Plaintiff asserts that: (1) the ALJ erred by failing to properly evaluate the opinion evidence of Dr. Tamara Kodis, Plaintiff's treating psychologist; (2) the ALJ erred by failing to properly consider the fact that Plaintiff receives disability benefits from the Department of Veterans Affairs; (3) the ALJ erred by failing to properly develop the record; and (4) the Appeals Council violated Plaintiff's due process rights by refusing the request of Plaintiff's counsel to examine the evidence and to submit additional evidence for the Appeals Council to review. *See doc. 24* at 10-16. Defendant argues that: (1) the ALJ properly evaluated the opinion evidence of Dr. Kodis and supported that evaluation with substantial evidence; (2) the ALJ properly considered and discounted Plaintiff's disability rating by the Department of Veterans Affairs; (3) the ALJ sufficiently developed the record to make a disability determination; and (4) the Appeals Council's decision to deny Plaintiff an extension of time to review the evidence and submit additional evidence did not violate Plaintiff's due process rights. *See doc. 25* at 9-19. Ultimately, the Court concludes that the ALJ did not commit reversible error and therefore the opinion should not be overturned.

3

## IV. ALJ EVALUATION

### A. Legal Standard

For purposes of Social Security disability insurance benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a person satisfies these criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520. If the Commissioner finds an individual disabled at any step, the next step is not taken. *Id.* § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) she is not engaged in "substantial gainful activity;" (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) her impairment(s) meet or equal one of the "Listings" of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." *Id.* § 404.1520(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence." 20 C.F.R. §

4

404.1545(a)(3). A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ determines the physical and mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process. At step five, the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

**B. The ALJ's Decision**

On January 15, 2016, the ALJ issued a decision denying Plaintiff's application for benefits. *See* AR at 9-25. In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 4, 2012. AR at 14. At step two, the ALJ determined that Plaintiff had the following severe impairments: migraines, fibromyalgia, right knee osteoarthritis (status post arthroscopy), restless leg syndrome, post-traumatic stress disorder, somatic symptom

5

disorder, alcohol abuse, and a history of depression. AR at 14. At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity" of a listed impairment. AR at 15.

At step four, the ALJ determined that through the date last insured, Plaintiff had the RFC to "perform medium work as defined in [20 C.F.R. § 404.1567(c)]," subject to certain listed limitations. AR at 18. The ALJ also found that Plaintiff is unable to perform any of her past relevant work. AR at 22-23. However, at step five, the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy, including positions as a marker, a photocopying-machine operator, and a hospital cleaner. AR at 23-24. The ALJ thus concluded that Plaintiff is not disabled. AR at 24.

V. ANALYSIS

### A. The ALJ Properly Considered the Opinion Evidence of Dr. Tamara Kodis

Plaintiff claims that the ALJ erred by failing to properly evaluate the opinion of Dr. Kodis, her treating psychologist. *Doc. 24* at 10-13. In determining a claimant's RFC, an ALJ "is required to consider all of the claimant's medically determinable impairments, singly and in combination," and a failure to do so is reversible error. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). While an ALJ "need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs*

*v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quotations omitted).

In evaluating the medical opinion of a claimant's treating physician, the ALJ must complete an inquiry with two analytically distinct steps. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). An ALJ must first determine whether the opinion of a treating source is entitled to controlling weight. A treating source's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *see also* 20 C.F.R. § 404.1527(c)(2). To determine what weight to give to a medical opinion, the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); *see also Kilpatrick v. Astrue*, 502 F. App'x 801, 806 (10th Cir. 2012) (unpublished) (applying 20 C.F.R. § 404.1527(c)(1)-(6)).

If the ALJ does not give the treating source's opinion controlling weight, he or she "must announce good reasons for the weight assigned," and "such reasons must be 'sufficiently specific to make clear to any subsequent reviewers the weight the

7

adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *King v. Barnhart*, 114 F. App'x 968, 970 (10th Cir. 2004) (quoting SSR 96-2p, 1996 WL 374188, at *5 (S.S.A. July 2, 1996)); *see also* 20 C.F.R. § 404.1527 ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.").

Here, the ALJ stated that she gave "little weight to the opinion of Dr. Kodis." AR at 22. The ALJ explained that the limitations that Dr. Kodis indicated in the questionnaire she completed regarding Plaintiff's disability "greatly exceeded the evidence of record, including Dr. Kodis'[s] own treatment notes," and specifically explained that Dr. Kodis's finding of "constant" deficiencies in concentration, persistence, and pace contradicted her treatment notes describing Plaintiff as alert and focused. AR at 21. The ALJ also noted that Dr. Kodis's instructions to claimant to follow up with treatment only every six months "hardly reflected the level of concern" demonstrated in the questionnaire, and also that the questionnaire is unreliable due to several terms which are "defined differently [in the questionnaire] than in the Social Security Act." AR at 21-22.

An ALJ is not required to explicitly state that the treating physician's opinion is not entitled to controlling weight as long as such a finding is implicit in the decision. *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) ("Because we can tell from the decision that the ALJ declined to give controlling weight to [the treating physician's] opinion, we

will not reverse on this ground."); *see also Armijo v. Astrue*, 385 F. App'x 789, 794-95 (10th Cir. 2010) (unpublished); *Sturgeon v. Colvin*, No. CV 15-342 KK, 2016 WL 8230662, at *9 (D.N.M. Sept. 14, 2016). Although the ALJ did not explicitly state that she declined to give controlling weight to Dr. Kodis's opinion, the ALJ's analysis clearly demonstrates that she declined to give it controlling weight after considering its "inconsistency with other substantial evidence in the record." *See Billiman v. Berryhill*, No. CV 16-72 GJF, 2017 WL 1380645, at *8 (D.N.M. Mar. 23, 2017) (ALJ was bound to refuse to give opinion controlling weight where opinion was "unsupported by clinical diagnostic techniques and inconsistent with other medical evidence in the record"); *Barber v. Berryhill*, No. CV 16-0280 KBM, 2017 WL 1381356, at *4–5 (D.N.M. Mar. 23, 2017) (no error where ALJ's decision "was sufficiently clear that the Court can determine why he chose not to give [the treating physician's] opinion controlling weight").

As the ALJ (1) implicitly found that Dr. Kodis's opinion should not be given controlling weight and (2) stated that she gave little weight to the opinion and explained why she did so, the Court finds that the ALJ did not commit reversible error requiring remand. *Compare Krauser*, 638 F.3d at 1331 (remand required where "the ALJ failed to articulate the weight, if any, he gave [to the treating physician's] opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether") *and Chrismon v. Colvin*, 531 F. App'x 893, 901 (10th Cir. 2013)

9

(unpublished) (ALJ stated "only that he 'gives this opinion little weight' because 'longitudinal mental health records were not submitted as evidence on this record' and 'thus the basis of this opinion, if any, cannot be assessed or reviewed'") (internal alterations omitted) *with Tarpley v. Colvin*, 601 F. App'x 641, 643–44 (10th Cir. 2015) (unpublished) (no remand where ALJ "unambiguously demonstrates that he declined to give the opinions controlling weight and . . . adequately explain[ed] why they were entitled to no weight . . . in a manner entitled to our deference").

### B. The ALJ Properly Considered the Plaintiff's VA Rating

Plaintiff argues that the ALJ failed to properly consider the ruling by the Department of Veterans Affairs (VA) that Plaintiff is disabled. *Doc. 24* at 13. The Social Security regulations state that "a determination made by another [governmental or nongovernmental] agency that [a claimant] is disabled . . . is not binding" on the Social Security Administration. SSR 06-03P, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006) (citing 20 C.F.R. § 404.1504). The Social Security Administration has also explained, however, that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered" because it "may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." *Id.* at *6-*7. Therefore, these decisions constitute "evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan*, 399 F.3d at 1262.

Here, the ALJ properly considered Plaintiff's VA rating. First, the ALJ stated that she considered the VA disability rating but "decline[d] to give it great weight," which in itself may constitute sufficient consideration. AR at 22; *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter."); *McFerran v. Astrue*, 437 F. App'x 634, 638 (10th Cir. 2011) (unpublished) (In rejecting a similar argument by a claimant, the court noted that "[t]he record demonstrates that the ALJ examined the VA medical records and acknowledged the VA's 100% disability rating."); *see also Breneiser v. Astrue*, 231 F. App'x 840, 844-45 (10th Cir. 2007) (unpublished).

Second, the ALJ explained why she did not give the VA rating great weight, stating that "[a] finding of service-connected disability by the VA is different from a finding of disability by the Social Security Administration, as the two agencies have different policy goals and criteria for evaluation." AR at 22. This explanation demonstrates that the ALJ properly considered the VA rating and determined that its relevance was limited in her determination of whether Plaintiff was disabled under the social security regulations. *See, e.g.*, *Walters v. Colvin*, 604 F. App'x 643, 648 (10th Cir. 2015) (unpublished) (finding that the ALJ properly considered a VA assessment where she explained that it was based on different time periods, that the VA may have applied a different definition of "disability," and that VA disability ratings are based on the impact to the average person rather than the particular claimant).

11

### C. **The ALJ Was Not Required to Further Develop the Record**

Plaintiff argues that the ALJ erred by failing to properly develop the record because: (1) the record is missing several pages from the VA rating decision; (2) the record is missing documents from Plaintiff's visit to the Cheyenne, Wyoming VA for evaluation of her pseudo-seizure episodes; and (3) the ALJ failed to ask Plaintiff at the hearing about certain functional limitations. *Doc. 24* at 13-15. In considering a disability claim, the ALJ has a duty to "ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (quotations omitted); *see also* 20 C.F.R. § 404.1545(a)(3) ("[B]efore we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources."). "The standard for determining whether the ALJ fully developed the record is one of reasonable good judgment." *Segura v. Barnhart*, 148 F. App'x 707, 710 (10th Cir. 2005) (unpublished) (citation and quotations omitted). Further, the record is sufficiently developed when sufficient information exists for the ALJ to make a disability determination. *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008).

### i. *VA Rating Decision*

Plaintiff argues that the ALJ failed to develop the record in that "[t]he exhibit containing the VA rating decisions appears incomplete." *Doc. 24* at 14. Specifically, Plaintiff argues that the VA documents are missing pages and do not include an assessment. *Id.* Plaintiff explains her belief that "there is additional information regarding the VA's opinion on [her] limitations." *Id*.

In a case considered by the Tenth Circuit, a claimant similarly argued that the ALJ failed to develop the record by failing to obtain a missing page from a psychiatric examination conducted at a Veteran Affairs clinic. *Cavanaugh v. Apfel*, 172 F.3d 62, 1999 WL 59673, (10th Cir. 1999) (unpublished table opinion). The Tenth Circuit found:

> With respect to the missing page from the psychiatric examination report, there is no indication in the record or in his brief what this missing page might show—in particular, that it might tend to demonstrate a severe impairment—nor is there any indication [the claimant] or his counsel ever tried to obtain the missing page. In such circumstances, we will not find the ALJ's failure to obtain a missing document of unknown importance to be reversible error.

*Id.* at *2. Similar to the claimant in *Cavanaugh*, Plaintiff argues that the record is missing pages from the VA decisions, but does not explain what information is missing from the record. *See generally doc. 24* at 14-15. Rather, Plaintiff merely speculates that "there is additional information regarding the VA's opinion on Ms. Garcia's limitations." *Doc. 24* at 14. As Plaintiff has failed to identify the contents of the missing pages or identify

13

how such information might demonstrate a severe impairment, the ALJ's alleged failure to further develop the record in this regard does not constitute reversible error.

### ii. Treatment Records of Plaintiff's Pseudo-Seizures

Plaintiff argues that the ALJ failed to develop the record as to Plaintiff's VA records regarding her alleged pseudo-seizures. *Doc. 24* at 14-15. Plaintiff claims that the record contains no information from Plaintiff's visit to the Cheyenne, Wyoming VA for treatment of her pseudo-seizures, and that the ALJ "failed to adequately develop the record or even mention the impairment in her decision." *Id*. at 15. As an initial matter, Plaintiff does not identify what information the missing documents might contain or how such information would alter the ALJ's decision. *See generally doc. 24* at 14-15. Following *Cavanaugh*, any failure by the ALJ to develop the record as to the Cheyenne, Wyoming VA would not constitute reversible error, as any such missing records are "document[s] of unknown importance." 1999 WL 59673 at *2.

Further, the ALJ's decision demonstrates that she did in fact consider Plaintiff's pseudo-seizures. In explaining her determination of Plaintiff's RFC, the ALJ noted that Plaintiff was alleging disability in part due to "seizure-like episodes." AR at 18. Later in the decision, the ALJ stated that she "balanced [Plaintiff's] activities of daily living against evidence of . . . somatization of emotional distress, such as [Plaintiff's] 'pseudo seizures.'" AR at 20. This evaluation of the pseudo-seizures was consistent with the evidence of record, including multiple electroencephalography tests showing normal

14

results. AR at 418-19, 422-23, 476, 657. It was also consistent with Plaintiff's statements to neurologist Dr. Dave Shahani that her "episodes" were "likely related to poor sleep and stress," as well as the opinion of neurologist Dr. Anna Vigil that Plaintiff's seizure-like episodes may be psychogenic "[d]ue to [their] atypical nature . . . and associated social stress." AR at 657, 433. Plaintiff also testified to her pseudo-seizures at the hearing, explaining that her service dog helps her cope with the condition. AR at 35. Further, the record contains an evaluation by Dr. Janice Kando in which she discusses Plaintiff's involuntary leg movements, and the ALJ accordingly found that Plaintiff had a severe impairment of "restless leg syndrome." AR at 14, 622. Therefore, even if the ALJ had erred in failing to develop the record as to Plaintiff's pseudo-seizures or involuntary leg movements, such error would be harmless because she fully considered the alleged limitation and found that it constituted a severe impairment. *See Cavanaugh*, 1999 WL 59673 at *2.

     *iii.*  *Hearing Testimony*

  Plaintiff argues that the ALJ failed to develop the record in that she failed to ask Plaintiff about certain functional limitations, such as her ability to "sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch." *Doc. 24* at 15. Plaintiff further argues that the ALJ improperly failed to ask Plaintiff about her ability to "understand, remember, or carry out instructions, [or] respond to supervision, co-workers, or pressures in the work setting." *Id*.

15

As "a Social Security disability hearing is a nonadversarial proceeding . . . the ALJ has a basic duty of inquiry[] to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987) (citation and quotations omitted). In considering whether the ALJ satisfied his duty to develop the record, the Court must consider whether sufficient questions were asked "to ascertain (1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities." *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993).

However, "[t]he ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning," as "[t]he duty to develop the record is limited to fully and fairly develop[ing] the record as to material issues." *Hawkins*, 113 F.3d at 1168 (internal quotations and citations omitted); *see also Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994) ("This duty [of the ALJ to develop the record] is not a panacea for claimants, however, which requires reversal in any matter where the ALJ fails to exhaust every potential line of questioning."). The ALJ has no duty to become a claimant's advocate. *Henrie v. United States Dep't of Health and Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993).

Plaintiff is correct in noting that the ALJ did not ask about the specific abilities identified in her motion. *See generally* AR at 32-54. However, the failure by the ALJ to

16

specifically ask Plaintiff about her abilities to perform certain tasks does not necessarily lead to the conclusion that she failed in her duty to develop the record. *See Jordan v. Heckler*, 835 F.2d 1314, 1315-16 (10th Cir. 1987) (ALJ fulfilled his duty of inquiry where "[a]lthough he did not specifically ask [the claimant] to describe his pain, he asked a number of other questions obviously intended to determine the extent to which pain disabled the claimant").

Here, the ALJ asked Plaintiff to describe her daily activities, occasions when she requires assistance, her medical conditions, her ability to drive and exercise, her medications, her social activities, and her difficulties with employment. AR at 37, 38, 39, 40, 43, 45. The ALJ specifically asked Plaintiff to describe "all of the medical problems that you would like me to consider," and asked Plaintiff in detail about her seizure episodes, fibromyalgia, post-traumatic stress disorder, and migraines. AR at 37, 38-39, 40, 41, 46. Further, Plaintiff completed a report on her functional abilities, which was included in the record and considered by the ALJ. AR at 16, 225-32. In this report, Plaintiff described in detail her daily activities and her limitations. AR at 225-32. Therefore, the ALJ satisfied her duty to inquire about Plaintiff's limitations. *See, e.g., Glass*, 43 F.3d at 1396 (duty to question satisfied where "the hearing transcript reveals [that the claimant] spoke extensively on the nature of her impairments and their impact on her physical abilities"); *Huddleston v. Shalala*, No. CIV. A. 93-2118-GTV, 1994 WL 34862, at *6 (D. Kan. Jan. 25, 1994) (where the ALJ inquired into the claimant's activities,

pain treatment, medical history, and work history, "the court cannot conclude that the ALJ's failure to ask the specific questions listed by [the claimant] in her brief means that the ALJ failed to meet his requirement of asking enough questions to determine the extent to which pain might disable [the claimant]."); s*ee also Cowan*, 552 F.3d at 1187.

### D. The Appeals Council Did Not Violate Plaintiff's Due Process Rights

Finally, Plaintiff argues that the Appeals Council violated her procedural due process rights. *Doc. 24* at 16. Applicants for social security benefits are entitled to due process, which includes "reasonable notice and opportunity for a hearing." 42 U.S.C. § 405(b)(1); *see also Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). However, a plaintiff's claim that the ALJ has violated her due process "will not succeed . . . if the claimant fails to show prejudice." *Mays*, 739 F.3d at 573.

Plaintiff argues that her current counsel, obtained after the hearing, requested access to the exhibits and also requested additional time to submit further evidence, yet the Appeals Counsel failed to grant either request. *Doc. 24* at 16. Under the Social Security Regulations, claimants have a right to "examine the evidence used in making the determination or decision under review[] and present and question witnesses." 20 C.F.R. § 404.929. Plaintiff argues that remand is required because the Appeals Counsel denied Plaintiff "her right to review her file and have additional evidence and legal arguments submitted on her behalf." *Doc. 24* at 16.

However, Plaintiff's alleged failures by the Appeals Council do not constitute a denial of due process. First, in declining Plaintiff's request for review, the Appeals Council considered Plaintiff's arguments as to why the ALJ erred in her denial of Plaintiff's claim. AR at 2 ("In looking at your case, we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council."). Although Plaintiff now argues that she was unable to review the evidence and submit additional evidence after obtaining a new lawyer, the Appeals Council had clearly instructed her that "[i]f you have additional evidence, submit it with this request for review." AR at 7. The Appeals Council further stated that if Plaintiff "neither submit[s] evidence or legal argument now nor within any extension of time the Appeals Council *grants*, the Appeals Council will take its action based on the evidence of the record." AR at 7. (emphasis added). As the Appeals Council did not grant Plaintiff's request for extension of time, the Appeals Council followed its own rules, of which Plaintiff was notified, and had discretion to consider only the evidence of record. *See Wicks v. Colvin*, 573 F. App'x 803, 809 (10th Cir. 2014) (unpublished) (no due process violation where the claimant was notified of her right to "provide additional evidence and request to be present for oral argument," as Appeals Council acted within its discretion in denying claimant's request to appear at the hearing).

Further, even if the Court were to find that the Appeals Council improperly rejected Plaintiff's requests to examine the evidence and for additional time to submit

additional evidence, Plaintiff's claim must be rejected because she has failed to demonstrate any prejudice. *See Mays*, 739 F.3d at 574; *Holdsworth v. Chater*, 87 F.3d 1327, 1996 WL 346581, at *5 (10th Cir. 1996) (unpublished table opinion). "[W]hen . . . a party complains about the *course* of administrative proceedings, that party must demonstrate that the adjudication was infected by some prejudicial, fundamentally unfair element." *Energy W. Mining Co v. Oliver*, 555 F.3d 1211, 1219 (10th Cir. 2009) (internal quotations omitted). Plaintiff fails to identify any of the additional evidence that she wished to submit to the Appeals Council, much less show that she was prejudiced by any purported due process violation. *See generally doc. 24* at 16. Without any further support for Plaintiff's conclusory allegations, the Court must reject her due process argument.

## VI.  CONCLUSION

Plaintiff has failed to establish that the ALJ committed reversible error. Accordingly, Plaintiff's Motion to Remand to the SSA for Rehearing (*doc. 24*) is DENIED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**